IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO.: |
| | ) | 5:13-CV-00426-CAR |
| HEADHUNTERS RACETRACK, LLC; | ) | |
| EFFIE M. HARRIS, Individually and as | ) | |
| Administratrix of Estate of Antonio | ) | |
| Harris; CHALON BANKS, Individually | ) | |
| and as Parent and Natural Guardian of | ) | |
| A.H. and S.H., minor children; EMEKIA | ) | |
| PITTS, Individually and as Parent and | ) | |
| Natural Guardian of E.H. and C.H, minor | ) | |
| children; TED YARBROUGH; | ) | |
| ELDRED BAILEY; ALVIN | ) | |
| EDWARDS; ROGER REAVES; and | ) | |
| HEADHUNTERS MOTOR CLUB, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Plaintiff Nautilus Insurance Company ("Nautilus"), pursuant to Rule 56 of

the Federal Rules of Civil Procedure and Local Rule 56, files this brief in support

of its motion for summary judgment. For the reasons provided, judgment should

be entered for Nautilus.

## STATEMENT OF FACTS[1]

Nautilus seeks a declaration that it has no obligation to defend or indemnify Defendants Headhunters Racetrack, LLC ("Headhunters Racetrack"), Ted Yarbrough, Eldred Bailey, Alvin Edwards, Defendant Roger Reaves, or Headhunters Motor Club, Inc. ("Headhunters Motor Club") for liability claims asserted by Defendants Effie M. Harris, Chalon Banks, or Emekia Pitts (collectively, "Claimants") in underlying liability lawsuits.[2]

### A.   Underlying Liability Claims

The liability claims arise from the death of Antonio Harris.  Pl.'s Statement of Undisputed Material Facts ("SUMF") ¶¶ 1-2, 21-25.  The Claimants allege that, on August 23, 2012, Antonio Harris was racing his car on a racetrack when he crashed into a guardrail, was ejected from the vehicle, and died.  Id. ¶¶ 3-5, 23-28. They base liability on the absence of an ambulance or emergency personnel on site during the operation of the racing event, allegedly in violation of a Georgia statute designed to protect race car drivers.  Id. ¶¶ 8-17, 20-21, 28-34.  They also base

---

[1] Nautilus has summarized the facts in this brief that are set forth with record citations in its accompanying Statement of Undisputed Material Facts.

[2] Pitts has not filed an answer to Nautilus's Second Amended Complaint, which added allegations pertaining to Headhunters Motor Club, Inc.  2d Am. Compl. ¶¶ 3, 6 and 30, ECF No. 41.

liability on allegedly negligent design or installation of the guardrails. Id. ¶¶ 6-7, 18-21, 35-41.

The Claimants do not seek damages from the named insured under the Policy. Instead, Harris, Banks, and Pitts assert claims against Headhunters Racetrack as the operator of the race and track at the time of Antonio Harris's injuries on August 23, 2012. Id. ¶¶ 1-2, 12-13, 20, 22, 24, 57-58. Headhunters Racetrack has been operating the racetrack as a limited liability company since May 9, 2012. Id. ¶ 60. Harris and Banks also assert claims against Yarbrough, Bailey, Edwards, and Reaves for their conduct in operating the racetrack as agents of Headhunters Racetrack, LLC at the time of Antonio Harris's injuries. Id. ¶¶ 21, 49-52, 61, 67. Lastly, Pitts asserts claims against Headhunters Motor Club, as owner of the premises. Id. ¶¶ 23, 25, 28. The record reveals that Headhunters Motor Club was formed on February 9, 1999. Id. ¶ 62. Also, the Claimants seek punitive damages. Id. ¶ 54.

## B.   The Insurance Policy

Nautilus has been defending the claims under full reservations of rights. Pursuant to policy number NN932623 to "Put Put Racetrack" as the named insured for the period February 22, 2012 to February 22, 2013 ("Policy"). SUMF ¶¶ 42, 47-53. The Policy covers claims against the insured for damages because of

"bodily injury" that occurs during the policy period, subject to various terms, exclusions, conditions, and limitations.  Id. ¶¶ 43-44.

Notably, however, the Policy contains an exclusion entitled "**EXCLUSION – PARTICIPANTS**" ("Participants Exclusion"), which provides: "This insurance does not apply to 'bodily injury' or medical payments to any 'participant' while in the 'activity area.'"  Id. ¶ 45.  The Participants Exclusion defines "participant" as "any person practicing, preparing or rehearsing for, instructing, participating or sparring in, any 'event.'"  Id.  "Event" is defined by the Participants Exclusion as "any activity of an athletic or sports, or entertainment nature of 'limited duration' that you manage, operate, or sponsor including, but not limited to, a . . . race, [or] stunting activity."  Id.  "Activity area" is defined by the Participants Exclusion as "any site specifically set aside for the purpose of preparing for, participation in, or assembly before, during or after, any 'event' including, but not limited to, the arena, . . . course, . . . pit, . . . sideline, . . . or track."  Id.  The Policy also contains an exclusion for punitive damages. Id. ¶¶ 55-56.

It is undisputed that the only named insured shown in the Policy Declarations is "Put Put Racetrack," id. ¶¶ 42, 64, and that Headhunters Racetrack, Yarbrough, Bailey, Edwards, and Headhunters Motor Club are not shown in the Declarations as insureds, id. ¶¶ 65, 68, 70.  The Policy provides in a section entitled "WHO IS AN INSURED" that a person or entity may be covered as an

4

insured under certain circumstances. Id. ¶ 63. Headhunters Racetrack, Yarbrough, Bailey, Edwards, Reaves, and Headhunters Motor Club do not qualify as insureds under those "WHO IS AN INSURED" provisions as explained below. Id. ¶¶ 66, 69, 71.

Importantly, the Policy explicitly provides that "[n]o person or organization is an insured with respect to the conduct of any current or past . . . limited liability company that is not shown as a Named Insured in the Declarations." Id. ¶ 63. Headhunters Racetrack is a limited liability company that is not shown as a Named Insured in the Declarations. Id. ¶¶ 42, 60, 65. The Policy also provides that "[a]ny organization [Put Put Racetrack] newly acquire[s] or form[s], other than a partnership, joint venture or limited liability company, and over which [Put Put Racetrack] maintain[s] ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization." Id. ¶ 63. However, "[c]overage under this provision is afforded only until the 90th day after [it is acquired or formed] or the end of the policy period, whichever is earlier." Id.

Finally, the Policy provides the condition that Put Put Racetrack's "rights and duties under this policy may not be transferred without [Nautilus's] written consent." Id. ¶ 72. There is no evidence of written consent by Nautilus to transfer

the rights and duties under the Policy from Put Put Racetrack to any person or organization.

## ARGUMENT AND CITATION TO AUTHORITY

As explained below, Nautilus has no duty to defend or indemnify the Underlying Defendants as a matter of law because the Claimants' liability claims clearly are excluded from coverage pursuant to the Participants Exclusion. Nautilus is entitled to summary judgment, including a declaration of no coverage on this basis alone.   Further, any claims for punitive damages are expressly excluded from coverage.   Moreover, none of the Underlying Defendants are insureds under the Policy.   Nautilus thus is entitled to summary judgment on the absence of coverage.

### A.    Summary Judgment Standard

Summary judgment "shall" be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   "The moving party bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (internal quotation marks omitted) (first alteration in original).   Once the moving party makes such a showing, the burden shifts to the nonmoving party,

who must go beyond the pleadings and present affirmative evidence that show a genuine issue of material fact exists.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

Because jurisdiction in this case is based on diversity of citizenship, the Court must apply the substantive law of Georgia.  Boardman Petroleum, Inc. v. Federated Mut. Ins. Co., 135 F.3d 750, 752 (11th Cir. 1998).  Further, Georgia substantive law controls the contractual obligations of the parties since the Policy was delivered in Georgia.  Id.  Under Georgia law, "insurance is a matter of contract, and the parties to an insurance policy are bound by its plain and unambiguous terms." Hays v. Ga. Farm Bureau Mut. Ins. Co., 314 Ga. App. 110, 111, 722 S.E.2d 923, 925 (2012) (internal quotation marks omitted).  As a result, "[w]here the contractual language unambiguously governs the factual scenario before the court, the court's job is simply to apply the terms of the contract as written, regardless of whether doing so benefits the carrier or the insured." Reed v. Auto-Owners Ins. Co., 284 Ga. 286, 287, 667 S.E.2d 90, 92 (2008).

Because the determination of whether policy language applies to a particular circumstance presents a question of law for the Court, courts applying Georgia law have long held that insurance disputes are well-suited for adjudication by summary judgment.  Nationwide Mut. Fire Ins. Co. v. Somers, 264 Ga. App. 421, 423, 591 S.E.2d 430, 433 (2003).  Lastly, "[t]he one claiming a benefit has the burden of

proving that a claim falls within the coverage of the policy." Ga. Farm Bureau Mut. Ins. Co v. Hall Cnty., 262 Ga. App. 810, 812, 586 S.E.2d 715, 717 (2003).

**B.    The Claims Asserted in the Underlying Lawsuits Are Excluded from Coverage under the Terms of the Policy**

Claimants seek to recover damages for bodily injury suffered by Antonio Harris while he was participating in a race while driving a motor vehicle on the racetrack. SUMF ¶ 46. The unambiguous language of the Policy clearly excludes claims for "bodily injury" sustained by any person practicing for or participating in a race while in a site specifically set aside for the race, such as the pit, course, track, sideline, or arena area. Id. ¶ 45. As a result, the claims for the injuries and resulting death sustained by Antonio Harris are excluded from coverage under the Policy.

An insurance company is generally free to fix the terms of its policies as it wishes, insuring against certain risks and excluding others. E.g., Reed v. Auto-Owners Ins. Co., 284 Ga. 286, 287, 667 S.E.2d 90, 91-92 (2008); Cont'l Cas. Co. v. H.S.I. Fin. Servs., Inc., 266 Ga. 260, 262, 466 S.E.2d 4, 6 (1996). Although ambiguities in exclusions in policies are strictly construed against the insurer, an exclusion "that is plain and unambiguous binds the parties to its terms and must be given effect, even if beneficial to the insurer and detrimental to the insured." Garland, Samuel & Loeb, P.C. v. Am. Safety Cas. Ins. Co., 287 Ga. App. 254, 256, 651 S.E.2d 177, 179 (2007) (internal quotation marks omitted); accord H.S.I., 266

8

Ga. at 262, 466 S.E.2d at 6.  In construing the language of an insurance policy, the courts have explained that they "will not strain to extend coverage where none was contracted or intended," Jefferson Ins. Co. of N.Y. v. Dunn, 269 Ga. 213, 215, 496 S.E.2d 696, 699 (1998) (internal quotation marks omitted); Sauls v. Allstate Prop. & Cas. Ins. Co., 326 Ga. App. 821, 823, 757 S.E.2d 455, 458 (2014) (internal quotation marks omitted), and that they "have no more right . . . to make an insurance policy more beneficial by extending the coverage contracted for than they would have to increase the amount," Varsalona v. Auto-Owners Ins. Co., 281 Ga. App. 644, 645-46, 637 S.E. 2d 64, 66 (2006) (internal quotation marks omitted).

Here, the undisputed facts make clear that the underlying liability claims fall within the Policy's Participants Exclusion because the Claimants seek to recover for bodily injury to Antonio Harris while he was racing a motor vehicle on the track.  Consequently, Nautilus does not have a duty to defend or indemnify the claims asserted by the Claimants as a matter of law.

In a similar case involving identical claims against Put Put Racetrack under an exclusion for participants, Judge Sands found no duty to defend or indemnify and granted Nautilus's Motion for Judgment on the Pleadings.  June 6, 2012 Order in *Nautilus Ins. Co. v. Put-Put Race Track, et al.*, Case No. 5:11-CV-080 (WLS), ECF No. 36 at 5-7 (attached hereto as Exhibit A).  In that order, Judge Sands

9

reasoned that because the underlying claims are based on a decedents' "operating a vehicle on the drag strip at the time of the event allegedly giving rise to coverage," the claims fall within the policy's "clear and unambiguous" exclusion for participants. Id.

In sum, Nautilus does not owe any coverage for the liability claims as a matter of law and is entitled to summary judgment against all Defendants.

## C.   None of the Defendants in the Underlying Liability Claims Are Insured under the Policy

Even if the Participants Exclusion did not apply, the Underlying Liability Claims are not covered by the Policy because the Underlying Defendants are not insureds under the Policy.  The only insured shown in the Declarations is "Put Put Racetrack," not any of the Underlying Defendants.  SUMF ¶¶ 42, 64, 65, 68, 70. Further, none of the Underlying Defendants are insureds by the Policy's own terms in the "WHO IS AN INSURED" provision as explained below.  Id. ¶¶ 63, 66, 69, 71.   Lastly, the Policy imposes a condition precedent—Nautilus's written consent—in order to transfer the insured's policy coverage to another person or entity, and there is no such writing contained in the record.  Id. ¶ 72.

Under Georgia law, an insurance "contract cannot be enlarged by the court to include as a[n] insured" a person or entity that does not qualify as an insured under the policy terms.   Shelby Ins. Co. v. Ford, 265 Ga. 232, 234, 454 S.E.2d 464, 465-66 (1995).  In that case, the Supreme Court of Georgia reversed the

10

denial of summary judgment to the insurer because the language of the general commercial liability policy did not provide for coverage of the underlying defendant corporation as an insured.   Id. at 233-34, 454 S.E.2d at 465 ("The evidence is clear in this case that there is no contract of insurance between [the insurer and] the entity which operated the . . . facility in which [the claimant] was injured.").   Again, if a policy provision is capable of only one reasonable interpretation, it is enforced according to the plain meaning of its own terms. Taylor Morrison Servs., Inc. v. HDI-Gerling Am. Ins. Co., 293 Ga. 456, 459, 746 S.E.2d 587, 590 (2013).  Finally, Georgia law expressly provides that insurers may limit the assignability of rights under policies through the use of non-assignability clauses.  O.C.G.A. § 33-24-17.

Here, the plain terms of the relevant Policy provisions preclude a court from expanding coverage to any of the Underlying Defendants.   The named insured shown in the Declarations is Put Put Racetrack.  SUMF ¶¶ 42, 64.  The provisions providing for additional insureds under certain circumstances do not apply under their plain and unambiguous terms, and the Underlying Defendants cannot qualify as insureds under those provisions.  Id.  ¶¶ 63, 66, 69, 71.  For example, because only Put Put Racetrack is designated in the Declarations, there is no basis in the Policy language for extending coverage to the separate legal entity allegedly operating the racetrack at the time of injury, Headhunters Racetrack; the separate

legal entity who allegedly owned the premises at the time of injury, Headhunters Motor Club; or their agents/officers.  See Shelby, 265 Ga. at 233-34, 454 S.E.2d at 465-66.

Even if the above provisions provided that any of the Underlying Defendants could qualify as an insured, the Policy explicitly excludes any person or organization "with respect to the conduct of any current or past . . . *limited liability company that is not shown as a Named Insured in the Declarations.*"  Id. ¶ 63 (emphasis added).  To reiterate, Headhunters Racetrack, which is a limited liability company, is not a named insured shown in the Declarations.  Id. ¶ 42, 60, 65. Therefore, Headhunters Racetrack cannot be an insured as a matter of law because it is specifically excluded from being so under the plain and unambiguous terms of the Policy.

Similarly, that same provision applies to preclude Yarbrough, Bailey, Edwards, and Reaves from being insureds.  The only claims asserted against this set of Underlying Defendants are the claims brought by Harris and Banks based on their conduct operating the racetrack as agents of Headhunters Racetrack, LLC.  Id. ¶¶ 21, 49-52, 61, 67.  Therefore, because no person is an insured with respect to the conduct of any limited liability company not designated as a named insured in the Policy Declarations by the clear and unambiguous terms of the Policy itself, Yarbrough, Bailey, Edwards, or Reaves cannot be an insured as a matter of law.

Likewise, to the extent that Pitts's claims against Headhunters Motor Club are based on the conduct of Headhunters Racetrack's operation of the track, this provision precludes Headhunters Motor Club from being an insured for the same reason.

In addition, the Policy provides that an organization Put Put Racetrack newly acquires or forms, that is not a limited liability company, is covered as a Named Insured for the first 90 days if there is no similar insurance available to that organization. Id. ¶ 63. Even assuming Put Put Racetrack could be considered the one who formed Headhunters Racetrack or Headhunters Motor Club, neither qualify as an insured under this provision because Headhunters Racetrack is a limited liability company and Headhunters Motor Club was formed in 1999. Id. ¶ 62.

Lastly, because the Policy *requires* Nautilus's written consent to transfer Policy rights, any purported transfer from Put Put Racetrack to any of the Underlying Defendants would be a breach of condition precedent in the Policy and thus be invalid as Nautilus has not given such consent in writing. Id. ¶¶ 72-73.

For the reasons explained above, Nautilus's motion for summary judgment should be granted for the additional reason that the Underlying Defendants are not insureds under the Policy.

## CONCLUSION

Based on the undisputed facts, Nautilus is entitled to a declaration of no coverage for the Claimants' liability claims as a matter of law. As explained above, the undisputed facts make clear that the Claimants' liability claims fall within the Policy's Participants Exclusion and are thus excluded from coverage. Nautilus respectfully submits that this motion should be granted on this ground. Moreover, claims for punitive damages are excluded by the Policy and not one of the Underlying Defendants is an insured under the Policy. Accordingly, summary judgment is appropriate on these additional grounds.

Nautilus respectfully asks that a judgment be entered declaring that Nautilus does not owe coverage for the underlying liability claims.

**FREEMAN MATHIS & GARY, LLP**

*/s/Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
Jessica C. Samford
Georgia Bar No. 231518
Attorneys for Plaintiff

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
T: (770) 818-0000
F: (770) 937-9960

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the **PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** has been filed with the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants.  Counsel of record is as follows:

Lonzy F. Edwards
Brenda C. Youmas
EDWARDS & YOUMAS, LLC
2717 Millerfield Road
P.O. Box 12
Macon, GA 31202

John T. McGoldrick
Joel A. Howe
MARTIN SNOW, LLP
240 Third Street
P.O. Box 1606
Macon, GA 31202

D. James Jordan
Cedric B. Davis
ADAMS, JORDAN & HERRINGTON, P.C.
P.O. Box 1370
115 E. McIntosh Street
Milledgeville, GA 31059

Donald R. Oulsnam
FRIER & OULSNAM, P.C.
110 South Jefferson Street
Milledgeville, GA 31061

This 6th day of February, 2015.

/s/Philip W. Savrin
Philip W. Savrin
Georgia Bar No. 627836
Jessica C. Samford
Georgia Bar No. 231518
Attorneys for Plaintiff

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia  30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)