IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO.: 5:13-CV-00426-LJA |
| HEADHUNTERS RACETRACK, LLC, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**REPLY BRIEF TO SUPPORT MOTION FOR SUMMARY JUDGMENT**

Plaintiff Nautilus Insurance Company ("Nautilus") files this Reply Brief to Support Motion for Summary Judgment (Doc. 50). As explained below, Defendants have not identified an issue of fact to oppose Nautilus's motion.[1]

**A.   The Participants Exclusion is Applicable and Enforceable**

Defendants contend an issue exists as to whether Antonio Harris was participating in an actual race at the time of his death. This issue is not material because the plain language of the Participants Exclusion applies to any person

---

[1] Defendants either admitted Nautilus's statement of facts or failed to provide "specific citation to particular parts of materials in the record" as required by Local Rule 56. Indeed, Pitts failed to file a response within the time extended by the clerk. (Docs. 57, 63, and 64.) Further, Harris and Banks were the only defendants to file their own statement of facts, as required by Local Rule 56, but these statements are either immaterial or not supported by proper record citations. (See generally Doc. 54-1.)

participating in as well as "practicing, preparing or rehearsing for" a race while on the track. (Doc. 51 ¶ 45; Doc. 54-2 ¶ 45; Doc. 61 ¶ 1; Doc. 64-1 ¶ 1.)

Next, in an apparent concession that the Participants Exclusion applies, Defendants argue that its terms are nullified by O.C.G.A. § 43-25-4, which sets forth the insurance required for a racetrack license to be issued by the Safety Fire Commissioner. The statute contains no language imposing mandates on insurance carriers but instead on applicants to procure certain types of coverage *in order to be licensed*. Defendants are trying to bootstrap the licensing requirement into the policy they actually purchased. Insurance companies, however, are free to fix the policy terms as they see fit, covering certain risks and excluding others. Reed v. Auto-Owners Ins. Co., 284 Ga. 286, 287, 667 S.E.2d 90, 91-92 (2008). Here, Nautilus agreed to provide coverage subject to the Participants Exclusion, and it behooved the insured to obtain insurance elsewhere as needed for licensing. It would be preposterous to require Nautilus to cover any gap left by the insured's failure to purchase coverage required for a license.

The automobile liability insurance cases Defendants rely on are easily distinguished because the statutes mandate coverage for insurers. See O.C.G.A. § 33-34-3; S. Guar. Ins. Co. v. Preferred Risk Mut. Ins. Co., 257 Ga. 355, 356, 359 S. E. 2d 665, 667 (1987); Anderson v. Se. Fid. Ins. Co., 251 Ga. 556, 557, 307 S.E. 2d 499, 500 (1983); Federated Mut. Ins. Co. v. Dunton, 213 Ga. App. 148,

148-49, 444 S.E. 2d 123, 124 (1994); Moore v. Allstate Ins. Co., 211 Ga. App. 827, 828, 440 S.E. 2d 682, 683-84 (1994). The unique context of compulsory liability insurance does not apply to commercial lines policies, especially given that the Nautilus policy was issued under the surplus lines law. (See Doc 13-9 at 3, stating the policy was issued under "the Surplus Line Insurance Law, O.C.G.A. Chapter 33-5.") Georgia law, in turn, provides that surplus lines policies are not subject to regulation as to rates or terms. See O.C.G.A. § 33-5-21.1 (citing Chapter 9 of Title 34 (rates) and O.C.G.A. § 33-24-9 (substantive terms) as not applying to surplus lines policies).

In sum, the Participants Exclusion is enforceable and bars coverage.

## C. The Underlying Defendants are Not "Insureds" Under the Policy

Even if the Participants Exclusion did not apply, summary judgment should be granted because the underlying defendants are not "insureds."

### 1. Nautilus has not waived the "Who is an Insured" provision

Defendants contend that Nautilus cannot enforce the provisions in its policy that define who is an insured because the defense was not listed in the first reservation of rights letters. However, Nautilus issued multiple reservations of rights letters, including several before the liability suit was filed. The first two letters advised that Nautilus would investigate the claim "under a reservation of rights as to the terms, provisions and conditions of the policy" and "specifically

3

reserve[d] the right to exercise any of the other terms, conditions or exclusions, which now exist or later become apparent." (Doc. 13-4 at 2, 4; Doc. 13-5 at 2, 5.) After the lawsuit was filed, Nautilus again advised that it was "reserving its rights to disclaim or limit coverage for any and all damages not covered by the policy as outlined below" and "specifically reserve[s] the right to exercise any of the other terms, conditions or exclusions, which now exist or later become apparent." (Doc. 13-6 at 2, 8.) In a supplemental letter dated October 28, 2013, Nautilus explained that the defendants named in the lawsuit may not be insureds. (Doc. 13-8 at 2-3.)

Nautilus questions whether the definition of an insured is a substantive coverage defense that can be waived by the absence of a timely reservation of rights. Cf. World Harvest Church, Inc. v. GuideOne Mutual Insurance Company, 287 Ga. 149, 695 S.E.2d 6 (2010) (holding that a reservation of rights letter "must fairly inform *the insured* that, notwithstanding [the insurer's] defense of the action, it disclaims liability and does not waive the defenses available to it against the insured." Id. at 156, 695 S.E.2d at 12 (emphasis added). But even if so, the law is clear that "[a]n insurance company is not required to list each and every basis for contesting coverage in the reservation-of-rights letter before the company [can] raise such in the declaratory judgment action." Kay-Lex Co. v. Essex Ins. Co., 286 Ga. App. 484, 491, 649 S.E.2d 602, 608 (2007) (internal quotation marks omitted).

4

Under this authority, any slight delay in advising the defendants that they might not be insureds under the policy does not affect their status as insureds.

### 2. Defendants are not "insureds" as defined by the policy

As Nautilus explained in its opening brief, none of the defendants qualify as "insureds" under the policy that it issued to "Put Put Racetrack" as the named insured. Indeed, it is undisputed that at the time of the underlying death, the racetrack was owned by Headhunters Racetrack, LLC, which is a legal entity formed on May 9, 2012 (Doc. 51 ¶ 60; Doc. 54-2 ¶ 60; Doc. 61 ¶ 1; Doc. 64-1 ¶ 1) – **after the inception of the policy on February 22, 2012 to Put Put Racetrack.** (Doc. 51 ¶ 42; Doc. 54-2 ¶ 42; Doc. 61 ¶ 1; Doc. 64-1 ¶ 1). Even if this new entity was using the name "Put Put Racetrack," Defendants' argument that coverage was "transferred" to this new entity contravenes well-established law that "insurance policies are of the nature of personal contracts," and the named insured "may not unilaterally substitute [a new entity] to become the insured except[] under the provisions of the contract." Langley v. Pac. Indem. Co., 135 Ga. App. 29, 30-31, 217 S.E.2d 369, 370-71 (1975); see also Miller v. Harco Nat. Ins. Co., 274 Ga. 387, 387, 390, 552 S.E.2d 848, 850 (2001) ("[T]he courts cannot enlarge the contract to include as a named insured [a] wholly distinct legal entity"). The fact that Headhunters Racetrack, LLC had an insurable interest as defendants contend is of no moment.

5

Instead, the policy provides that "[a]ny organization you newly acquire or form, *other than a partnership, joint venture or limited liability company*, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization." (Doc. 51 ¶ 63 (emphasis added); Doc. 54-2 ¶ 63; Doc. 61 ¶ 1; Doc. 64-1 ¶ 1.) Even then, "[c]overage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier." (Doc. 51 ¶ 63; Doc. 54-2 ¶ 63; Doc. 61 ¶ 1; Doc. 64-1 ¶ 1.) Even if Headhunters Racetrack, LLC had not been a limited liability company (so as to qualify under this provision), coverage would have ended August 7, 2012, which is ninety days after the LLC's creation and prior to Harris's death on August 23, 2012.

Likewise, the liability of the individual defendants (Ted Yarbrough, Eldred Bailey, Alvin Edwards, and Roger Reaves) is premised on their conduct on behalf of Headhunters Racetrack, LLC. (Doc. 51 ¶¶ 1, 2, 21, 49-52, 61; Doc. 54-2 ¶¶ 1, 2, 21, 49-52, 61; Doc. 61 ¶ 1; Doc. 64-1 ¶ 1.) The policy, in turn, provides that "[n]o person or organization is an insured with respect to the conduct of any current or past partnership, joint venture *or limited liability company that is not shown as a Named Insured in the Declarations*." (Doc. 51 ¶ 63 (emphasis added); Doc. 54-2 ¶ 63; Doc. 61 ¶ 1; Doc. 64-1 ¶ 1.) Because Headhunters Racetrack, LLC is a limited

liability company not shown as a Named Insured in the Declarations (Doc. 51 ¶ 42; Doc. 54-2 ¶ 42; Doc. 61 ¶ 1; Doc. 64-1 ¶ 1), none of the defendants are "insureds" for purposes of the liability claimed in the underlying lawsuit.

Lastly, Nautilus recognizes that Pitts has asserted a claim against Headhunters Motor Club, Inc. (Doc. 51 ¶ 48; Doc. 54-2 ¶ 48; Doc. 61 ¶ 1; Doc. 64-1 ¶ 1), which was formed on February 9, 1999. (Doc. 51 ¶ 62; Doc. 54-2 ¶ 62; Doc. 61 ¶ 1; Doc. 64-1 ¶ 1.) Even if the Court considers Pitts' opposition notwithstanding the untimeliness, Headhunters Motor Club, Inc. would not be an insured for the operation of the racetrack by Headhunters Racetrack, LLC under the same provision and reasoning set forth in the previous paragraph.

For these reasons explained above, the Underlying Defendants are not "insureds" even if the Participants Exclusion did not apply.

E.     **Remaining Arguments are Specious**

In a last-ditch effort to avoid an adverse ruling, Defendants assert that Nautilus did not investigate the claims properly, and even accuse Nautilus of fraud just because the claim falls within an exclusion from coverage. These arguments are not only entirely devoid of substance but are frivolous legally. Tellingly, no law is cited to support the specious accusations in the responses. Nautilus has been expending funds to defend the claims while coverage is sorted out even though it could have simply disclaimed coverage for any of the reasons set forth in this brief.

7

Indeed, this case is indistinguishable from the prior lawsuit in which Judge Sands entered summary judgment for Nautilus on similar facts and policy terms.

## **CONCLUSION**

WHEREFORE, Nautilus's motion for summary judgment should be granted.

**FREEMAN MATHIS & GARY, LLP**

*/s/Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
Jessica C. Samford
Georgia Bar No. 231518
Attorneys for Plaintiff

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
T: (770) 818-0000
F: (770) 937-9960

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the **PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** has been filed with the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants. Counsel of record is as follows:

| | |
|---|---|
| Lonzy F. Edwards<br>Brenda C. Youmas<br>EDWARDS & YOUMAS, LLC<br>2717 Millerfield Road<br>P.O. Box 12<br>Macon, GA 31202 | John T. McGoldrick<br>Joel A. Howe<br>MARTIN SNOW, LLP<br>240 Third Street<br>P.O. Box 1606<br>Macon, GA 31202 |
| D. James Jordan<br>Cedric B. Davis<br>ADAMS, JORDAN & HERRINGTON, P.C.<br>P.O. Box 1370<br>115 E. McIntosh Street<br>Milledgeville, GA 31059 | Donald R. Oulsnam<br>FRIER & OULSNAM, P.C.
110 South Jefferson Street<br>Milledgeville, GA 31061 |

This 30th day of March, 2015.

/s/Philip W. Savrin
Philip W. Savrin
Georgia Bar No. 627836
Jessica C. Samford
Georgia Bar No. 231518
Attorneys for Plaintiff

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)